OPINION *Page 2 
{¶ 1} Defendant-appellant Michael David Martin appeals from the October 24, 2006 Judgment Entry of the Stark County Court of Common Pleas adjudicating him a sexual predator. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On January 27, 1995, the Stark County Grand jury indicted appellant on four counts of aggravated robbery in violation of R.C.2911.01, aggravated felonies of the first degree, four counts of kidnapping in violation of R.C. 2905.01, aggravated felonies of the first degree, three counts of felonious assault in violation of R.C.2903.11, aggravated felonies of the second degree, and one count each of aggravated burglary in violation of R.C. 2911.11, an aggravated felony of the first degree, and felonious sexual penetration in violation of R.C. 2907.12, an aggravated felony of the first degree. All of the counts in the indictment contained firearm specifications. At his arraignment on February 3, 1995, appellant entered a plea of not guilty to the charges.
 {¶ 3} Subsequently, on March 13, 1995, appellant withdrew his former not guilty plea and entered a plea of guilty to all of the counts contained in the indictment. As memorialized in a Judgment Entry filed on March 27, 1995, appellant was sentenced to an aggregate indeterminate prison terms of 15 to 50 years, with a mandatory consecutive three year term for the merged firearm specifications. Appellant did not appeal his convictions and sentences.
 {¶ 4} On October 10, 2006, a House Bill 180 hearing was held to determine whether appellant should be adjudicated a sexual predator. At the hearing, at which appellant was present, testimony was adduced that, in December of 1994, appellant *Page 3 
and a co-defendant entered a house and held four individuals at gunpoint and robbed them while threatening repeatedly to kill them. Appellant, who was 18 years old at the time, and his co-defendant shot two of the victims. In addition, during the incident, appellant and his co-defendant digitally penetrated one of the victims named Sheila, who was 19 years old, and attempted to penetrate her anus with a broomstick. At the October 10, 2006 hearing, Sergeant James Mizeres of the Massillon Police Department testified that he was involved in the investigation of the December 1994 incident and that appellant, during an interview, confessed to involvement in an aggravated robbery and aggravated murder in California. Sergeant Mizeres testified that there was a warrant for appellant out of California and another one out of Columbus for robbery and that appellant bragged to the police about being a member of the Crips gang out of California.
 {¶ 5} Testimony also was adduced at the hearing that appellant and his co-defendant threatened to kill Sheila and that she "was in pain and screaming and saying go ahead and kill me." Transcript at 23. While the two were exiting the house, they shot Sheila once on the leg and another victim four times. Sergeant Mizeres also testified that Sheila described being dragged throughout the house by her hair and that appellant and his co-defendant had threatened to torture her to make her reveal where drugs and money were located.
 {¶ 6} Appellant, who testified at the October 10, 2006 hearing, denied participating in the sexual assault of Sheila and claimed that he only pleaded guilty to felonious sexual penetration as part of his plea agreement. *Page 4 
 {¶ 7} Pursuant to a Judgment Entry filed on October 24, 2006, the trial court adjudicated appellant a sexual predator.
 {¶ 8} Appellant now raises the following assignment of error on appeal:
 {¶ 9} "THE TRIAL COURT'S CLASSIFICATION THAT MICHAEL MARTIN IS A SEXUAL PREDATOR IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 I {¶ 10} Appellant, in his sole assignment of error, argues that the trial court erred in adjudicating him a sexual predator. We disagree.
 {¶ 11} In State v. Cook, 83 Ohio St.3d 404, 1998-Ohio-291,700 N.E.2d 570, the Ohio Supreme Court determined that R.C. Chapter 2950 is remedial in nature and not punitive. As such, we will review appellant's assignment of error under the standard of review contained in C.E.Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279,376 N.E.2d 578. Under this standard, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.Id . at syllabus.
 {¶ 12} R.C. 2950.01(E)(1) defines "sexual predator" as a person who "has been convicted of or pleaded guilty to committing a sexually oriented offense that is not a registration-exempt sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses."
 {¶ 13} R.C. 2950.09(B)(3) sets forth the relevant factors a trial court is to consider in regard to the sexual predator issue: *Page 5 
 {¶ 14} "In making a determination under divisions (B)(1) and (4) of this section as to whether an offender or delinquent child is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 15} "(a) The offender's or delinquent child's age;
 {¶ 16} "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 17} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 18} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 19} "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 20} "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 21} "(g) Any mental illness or mental disability of the offender or delinquent child;
 {¶ 22} "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented *Page 6 
offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 23} "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;"
 {¶ 24} "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 25} Appellant, in the case sub judice, specifically contends that there was not clear and convincing evidence that he is likely to engage in the future in one or more sexually oriented offenses. Appellant notes, in part, that the felonious sexual penetration conviction in this case was his only conviction for a sexually oriented offense, that there was only one victim of the sexual assault in the case sub judice, and that he has no prior criminal record of convictions.
 {¶ 26} While appellant claims that he is innocent of the charge of felonious sexual penetration and that the offense was committed by his co-defendant, as is stated above, appellant entered a plea of guilty to such charge. The testimony adduced at the hearing established that appellant and his co-defendant, during a robbery, pulled off Sheila's clothes and sexually assaulted her digitally, threatened to rectally penetrate her with a broomstick and dragged her throughout the house by her hair. The testimony also established that the two threatened to torture and kill Sheila and shot her in the leg while exiting the house. As noted by appellee, "[appellant] claims that there was no evidence that these heinous acts were performed for purposes of sexual gratification, . . . [t]hey could have attempted to extract the desired information [about the *Page 7 
location of drugs and money] from other means, but instead chose to brutally attack and assault [Sheila]." Appellant did not sexually assault any of the three men who were present in the house during the robbery and did not demonstrate any remorse at the hearing. Appellant and his accomplice chose tactics that were sexual in nature.
 {¶ 27} Based on the foregoing, we find appellant's classification as a sexual predator to be supported by competent, credible evidence and not against the manifest weight of the evidence.
 {¶ 28} Appellant's sole assignment of error is, therefore, overruled.
 {¶ 29} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.
 Edwards, J. Hoffman, P.J. and Farmer, J. concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1